IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:18-CR-158-PLR-DCP-1 |
| | ) | | |
| | ) | | |
| KEVIN JONES, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. Presently before the Court is defense counsel's Motion to Substitute Attorney [Doc. 251], filed on December 18, 2019. On January 15, 2020, the parties appeared before the Court for a motion hearing. Assistant United States Attorney Frank Dale represented the Government. Assistant Federal Defender Benjamin Sharp appeared with Defendant. CJA Panel Attorney Rachel Wolf was also present.

The motion asks the Court to appoint substitute counsel for Defendant Jones because Assistant Federal Defender Sharp and the Federal Defender Services of Eastern Tennessee ("FDSET") have an actual conflict of interest that ethically prohibits their representation of the Defendant. AUSA Dale stated that due to the posture of the case, the Government would wish to avoid the substitution of Assistant Federal Defender Sharp, but that the Government takes no position on the motion. The Court then conducted a sealed, *ex parte* hearing regarding the conflict of interest in the present case. The Court addressed Defendant Jones to ensure that he understood

that Assistant Federal Defender Sharp had a conflict that requires that he withdraw from his case.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. *See Glasser v. United States*, 315 U.S. 60, 70 (1942), *superseded by statute* as held in *Bourjaily v. U.S.*, 483 U.S. 171 (1987) (regarding the admission of co-conspirator's statements). In light of the existence of an apparent, direct and actual conflict in this case, the Court finds that good cause exists to grant defense counsel's Motion to Substitute Attorney [**Doc. 251**], the same is **GRANTED**, and Assistant Federal Defender Sharp and the FDSET are relieved as counsel of record for Defendant Jones. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be represented continuously by conflict-free counsel. CJA Panel Attorney Rachel Wolf appeared and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Attorney Wolf as the Defendant's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Assistant Federal Defender Sharp and the Government are **DIRECTED** to provide the Defendant's file and all discovery to new counsel as expeditiously as possible. The Court then set the following deadlines for Defendant Jones: the deadline for filing pretrial motions is extended to **February 3, 2020**; the Government's deadline for responding to motions by Defendant Jones is extended to **February 18, 2020**; and the deadline for filing a plea agreement in the record is reset to **February 24, 2020**.

Accordingly, it is **ORDERED:**

(1) Defense counsel's Motion to Substitute Attorney [**Doc. 251**] is **GRANTED**;

(2) Assistant Federal Defender Sharp and the FDSET are permitted to withdraw as counsel of record for the Defendant and are **DIRECTED** to transfer the Defendant's file and any discovery to new counsel as soon as possible;

(3) Attorney Rachel Wolf is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA;

(4) The deadline for filing pretrial motions for Defendant Jones is reset to **February 3, 2020** with responses due on or before **February 18, 2020**; and

(5) The deadline for conducting plea negotiations is reset for **February 24, 2020**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge